Leopoldo **SEPULVEDA**, Appellant,

v.

Manuel E. **TREVINO**, Appellee.

No. 3303.

Court of Civil Appeals of Texas.

Eastland.

April 26, 1957.

Rehearing Denied May 17, 1957.

Raeburn Norris, Alice, O. P. Carrillo, San Diego, for appellant.

Lloyd & Lloyd, Alice, for appellee.

GRISSOM, Chief Justice.

This is a contest of an election of an alderman of the City of San Diego, Duval County, held on April 3, 1956. The canvassing board decided that Sepulveda had received four more votes than Trevino. The court found that there were fourteen illegal votes cast for Sepulveda and eight for Trevino. The court concluded that Trevino had received 646 legal votes and Sepulveda 645 legal votes and, therefore, that Trevino had been elected. Sepulveda has appealed.

Appellant's first point is that the court erred in sustaining Trevino's challenge of the legality of the votes of Estefana, Manuel and Juan Sandoval. Appellant says that it is undisputed that they were residents of San Diego and Duval County and qualified voters at said election. Their right to vote was challenged by Trevino on the ground that they were residents of Kleberg County on January 1, 1955; that Kleberg County levied a poll tax for that year and they did not pay for nor obtain a poll tax in said County. There was evidence to the effect that the Sandoval family moved to Kingsville, Kleberg County, in 1954 and established a residence there; that they did not return to San Diego or Duval County until December 15, 1955. There was evidence to the contrary and testimony that it was their intention not to permanently move from or establish a residence outside of San Diego. However, such evidence merely raised an issue of fact which has been decided against them. We, therefore, sustain the holding that they were not entitled to vote at said election. McCharer v. Mead, Tex. Civ.App., 275 S.W. 117, 119; Savage v. Umphries, Tex.Civ.App., 118 S.W. 893, 905; Linger v. Balfour, Tex.Civ.App., 149 S.W. 795, 805.

Appellant's second point is that the court erred in sustaining a challenge to the right of Valentin Lopez to vote at said election. It was agreed that a person entitled to obtain an exemption from payment of a poll tax in order to vote at this election was required to get the exemption certificate at the place of his residence on January 1, 1955. Although meager, there was evidence to support the finding that Lopez came to San Diego to teach school in September, 1955; that theretofore he had always resided in Frio County; that he was less than twenty-one years of age on January 1, 1955 and that Frio County levied a poll tax for 1955. Therefore, the only question presented on the trial was whether there was evidence sufficient to support a conclusion that Lopez resided in Frio County on January 1, 1955. We sustain the court's conclusion.

Appellant's third and fourth points are that the court erred in failing to sustain his contention that Carlos and Ninfa McDermott and Alfredo Torres, Jr., were shown by the undisputed evidence to not be qualified voters at said election because they were not residents of San Diego. The record does not disclose for whom the McDermotts voted. The court, after examining some of the ballots, asked the parties if any other ballots should be located. The record does not show that appellant asked the court to find the ballots of the McDermotts. Therefore, appellant has not shown that he was injured by said ruling, regardless of whether the McDermotts were qualified voters. Appellant's point questioning the right of the McDermotts to vote is based upon the testimony of Perez, who testified that the McDermott's house was outside the city limits of San Diego. Whether this was true depends upon the amount of territory embraced in a city annexation ordinance. The ordinance and field notes were in evidence and the court had the right to construe them and determine the area included in the annexed territory. The court found that the McDermott's house was inside the annexed territory. The evidence does not conclusively show that the court was requested to locate the ballot of Torres, nor that he voted for Trevino. Therefore, it is not shown that appellant was injured by said ruling. Regardless of that fact, we think that it was not conclusively shown that Torres was not a resident of San Diego. Appellant's points are overruled.

The judgment is affirmed.